**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4203**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JAMES EDWARD BURTON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (7:09-cr-00085-D-1)

_____

Submitted:  November 28, 2011     Decided:  February 7, 2012

_____

Before WILKINSON and DUNCAN, Circuit Judges, and Richard M.
GERGEL, United States District Judge for the District of South
Carolina, sitting by designation.

_____

Affirmed by unpublished opinion.  Judge Gergel wrote the
opinion, in which Judge Wilkinson and Judge Duncan joined.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing Specialist, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Jennifer P. May-
Parker, Kristine L. Fritz, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

GERGEL, District Judge:

Appellant, James Edward Burton ("Burton"), challenges in this appeal his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on the basis that he did not have three prior convictions for violent felonies. Burton did not challenge the findings of the Presentence Report ("PSR") that he had three prior convictions for violent felonies, and his attorney expressly admitted at the sentencing hearing before the District Court that Burton had "three prior felony convictions that qualify as predicates under 924(e)." J.A. 57.[1] The District Court sentenced Burton to 180 months, the minimum sentence authorized under the ACCA. Burton thereafter filed an appeal challenging his sentence, contending for the first time, and contrary to his counsel's admissions in filings submitted to the District Court and in open court, that he did not qualify as an armed career criminal under the ACCA. We review the sentence imposed by the District Court for "plain error" and affirm.

I.

Burton was arrested on January 2, 2009 following a traffic stop in which an officer detected what appeared to be a concealed weapon in Burton's pocket, and which proved from a

---

[1] The abbreviation "J.A." refers to the Joint Appendix submitted by the parties on appeal.

2

search to be a loaded .32 caliber handgun. J.A. 83. Burton was subsequently indicted by a federal grand jury on July 9, 2009 for knowingly possessing a firearm after being convicted of a crime punishable by more than one in year in prison, in violation of 18 U.S.C. § 922(g)(1) and § 924. Id. at 7-8. The indictment further stated that Burton had three prior convictions for violent felonies, making him subject to sentencing under the ACCA. Id. at 8. The ACCA requires that any person with three prior violent felony or serious drug convictions serve a mandatory minimum sentence of fifteen years on certain subsequent federal convictions. 18 U.S.C. § 924(e).

Burton subsequently pled guilty to the charge contained in the federal indictment, and a PSR was prepared. The PSR set forth Burton's prior criminal convictions under North Carolina law that included a 1970 conviction for "assault with a deadly weapon with the intent to kill inflicting serious bodily injury," a 1974 conviction for first degree rape, and a 1995 conviction for second degree rape. J.A. 83-85. The PSR described the circumstances of Burton's second degree rape conviction, which included the choking of the victim and the displaying of a straight razor to coerce the victim's submission. Id. at 84-85. The PSR made a finding that Burton was an armed career criminal under the ACCA because of the three above-referenced convictions for violent felonies. Id. at 88.

3

Burton did not object to any of the facts underlying the 1970, 1974, and 1995 convictions or his designation as an armed career criminal under the ACCA as set forth in the PSR. Instead, Burton urged the District Court in his formally filed objections to the PSR not to make an upward departure from the mandatory minimum sentence under the ACCA of fifteen years. Id. at 91. A sentencing memorandum submitted by Burton's counsel described the 1995 second degree rape conviction as Burton's "most recent violent felony" and conceded that "[a]s an 'armed career criminal,' Mr. Burton faces a minimum 15-year sentence." Id. at 42, 44. At the sentencing hearing, Burton's counsel acknowledged that Burton "has three prior felony convictions that qualify as predicates under 924(e)" and "certainly" had "prior violent felonies" making him subject to the ACCA. Id. at 57-58. Nonetheless, Burton's counsel argued that the District Court should sentence his client to less than the fifteen year mandatory minimum sentence under the ACCA because Burton's most recent violent felony (the 1995 second degree rape conviction) was "over 17 years ago and . . . there is nothing to indicate that he is likely to engage in the future [in] violent conduct." Id. at 57. The District Court concluded that it was bound by the mandatory minimum sentence provision of the ACCA and sentenced Burton to 180 months in prison. Id. at 70.

4

Burton timely filed this appeal. On appeal, Burton concedes that the convictions for assault with a deadly weapon with the intent to kill inflicting serious bodily injury and for first degree rape are both violent felony convictions which qualify as predicate convictions for purposes of the ACCA. Appellant's Br. at 8 n.1. Further, Burton does not dispute the PSR's description of the facts which form the basis of his second degree rape conviction. However, Burton argues on appeal that the District Court erred in treating his conviction for second degree rape as a "violent felony" for purposes of the ACCA. Id. at 11-16.

On appeal, the government argues that Burton "waived" the right to appeal the District Court's decision to sentence him under the ACCA. Appellee's Br. at 10-12. While the mere "forfeiture" of a right allows an appellant to seek appellate review under the plain error standard, the "waiver" of a right prevents a party from seeking an appeal under any standard of review. See United States v. Olano, 507 U.S. 725, 733-34 (1993) (distinguishing between forfeiture and waiver and holding that "[i]f a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection"). This Court, however, need not reach the question of whether Burton waived,

5

or merely forfeited, the right to appeal the District Court's decision to sentence him under the ACCA. As discussed below, even if Burton did not waive his right to appeal his sentence, the District Court did not commit plain error in sentencing Burton under the ACCA.

## II.

Under plain error review, Burton has the burden of establishing (1) an error, (2) that is plain, that not only (3) affects his substantial rights, but also (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Brack, 651 F.3d 388, 392 (4th Cir. 2011). "An error is 'plain' when it is 'obvious or clear under current law," meaning that the appellant must "show that 'the settled law of the Supreme Court or this circuit establishes' the district court erred in imposing a sentencing enhancement." Id. (citation omitted).

Here, the record establishes that the District Court did not commit plain error in classifying Burton's second degree rape conviction as a violent felony and sentencing Burton pursuant to the ACCA. The PSR, in addition to describing the violent nature of Burton's conduct which resulted in his conviction for second degree rape, clearly identified Burton's second degree rape conviction (along with his assault with a

6

deadly weapon and first degree rape convictions) as a predicate conviction for purposes of the ACCA. J.A. 88. Because Burton did not object to this portion of the PSR, the District Court was certainly authorized to accept this portion of the PSR as a finding of fact. Fed. R. Crim. P. 32(i)(3) ("At sentencing, the court: (A) may accept any undisputed portion of the presentence report as a finding of fact."); see also United States v. Padron, No. 09-4486, 2010 WL 5475654, at *1 (4th Cir. Dec. 9, 2010) (holding that the District Court did not commit plain error by accepting undisputed portions of a PSR as findings of fact for purposes of sentencing enhancements). Furthermore, Burton, through his counsel, affirmatively represented to the District Court numerous times, both in writing and in open court, that Burton had been convicted of three violent felonies and was therefore subject to the ACCA's 15-year mandatory minimum prison sentence. See J.A. 42, 44, 45, 57, 91. Such admissions by defense counsel are binding on the defendant. See United States v. Bartram, 407 F.3d 307, 310-11 (4th Cir. 2005) (holding that an admission by defense counsel at a sentencing hearing regarding drug weight was binding on defendant).

Based on the foregoing, the District Court's sentence of Defendant under the ACCA was not plain error. Therefore, the decision of the District Court is affirmed. This Court requires that counsel inform his client, in writing, of his right to

7

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispensed with oral argument for this appeal because the facts and legal contentions were adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED